NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHRIS LANGER,

　　　　　Plaintiff-Appellant,

　v.

ENCANTADO II, LLC, a California
Limited Liability Company; CONTENTO
INCORPORATED, DBA Busy Bee's
Bagel Bakery, a California Corporation;
DOES, 1-10,

　　　　　Defendants-Appellees.

No.　15-55587

D.C. No.
3:14-cv-02281-MMA-JLB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted February 6, 2017[**]
Pasadena, California

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Chris Langer appeals the district court's dismissal, on summary judgment, of his claims under the Americans with Disabilities Act (ADA) and various state laws. We review for abuse of discretion the district court's decision declining to continue the motion under Federal Rule of Civil Procedure 56(d), *see U.S. Cellular Inv. Co. of L.A. v. GTE Mobilnet, Inc.*, 281 F.3d 929, 934 (9th Cir. 2002), and now affirm.

1. Langer claims that the district court abused its discretion in refusing to continue the summary judgment motion until after some period of formal discovery. We disagree. Rule 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). "To prevail under this Rule, parties opposing a motion for summary judgment must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)). The defendants submitted evidence demonstrating that they immediately remedied all alleged ADA violations at the Busy Bee Bakery. Although Langer

argues on appeal that he needed expert discovery to measure the slope of the handicap-accessible parking space, he did not raise this argument before the district court. Langer failed to meet his burden under Rule 56(d) to specifically identify relevant information that he sought through discovery.

2. Langer also asserts that the district court's ruling deprived him of his "right" to determine whether some other portions of defendants' facility—those he had not yet inspected—violated the ADA. We remain unpersuaded. Langer did not offer any evidence nor allege any facts to suggest that there are additional ADA violations at the Busy Bee Bakery. Our decision in *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008), does not stand for the proposition that Langer was entitled to discovery on the facts of this case.

**AFFIRMED.**